UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

THOMAS HAYNES,

     Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff THOMAS HAYNES, an California citizen and resident, and files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff THOMAS HAYNES is sui juris and is a permanent resident and citizen of the State of California.

3.    Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious

Haynes v. Carnival

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4.      Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases.   The damages alleged in Paragraph 12 below, including a fractured right tibial plateau, support an award of damages in excess of $75,000.00.

5.      At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7.      The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

8.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract, by a letter dated June 14, 2019, a copy of which is attached as Exhibit 1.  In addition to

Haynes v. Carnival

providing its Notice of Claim, Plaintiff provided Defendant with a notice of duty to preserve evidence on June 14, 2019, a copy of which is attached as Exhibit 2.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "GLORY."

10.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S "GLORY" and in that capacity was lawfully present on board the vessel.

11.     On or about May 9, 2019, while the Plaintiff was lawfully on board the M/S GLORY as a fare paying passenger, the Plaintiff was walking in the lobby of Deck 3, when he slipped on water or a wet, foreign or transitory substance and thereby fell, sustaining serious injuries.

12.     As a direct and proximate result of the slip and fall described above, the Plaintiff was injured in and about his body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. He incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries.  He lost earnings and will continue to lose earnings or earning capacity in the future.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Haynes v. Carnival

## COUNT I – NEGLIGENT MAINTENANCE

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface and area where Plaintiff fell in a reasonably safe condition, and to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

14.     At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and therefore slippery.

15.     At all material times, the Defendant either knew or should have known of the dangerous wet condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the condition, because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to remedy the dangerous condition.

16.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the floor on Deck 3 in the lobby area, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to maintain the area in a reasonably safe manner or to correct its wet or slippery condition.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Haynes v. Carnival

17.     The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a.     Failing to maintain the floor surface in a reasonably safe condition;

    b.     Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

    c.     Failing timely to correct the wet or slippery condition of the area where Plaintiff fell;

18.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

19.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

20.     At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and therefore slippery.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Haynes v. Carnival

21.     At all material times, the Defendant either knew or should have known of the dangerous wet condition of the area in which the Plaintiff fell, or in the exercise of reasonable care should have known of the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant owed a the Plaintiff a duty to warn her adequately of the dangerous condition.

22.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the floor on Deck 3 in the lobby area, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures adequately to warn the Plaintiff through placement of appropriate signage or markings, orally delivered or written warnings, or otherwise.   The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

23.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

<u>**DEMAND FOR JURY TRIAL**</u>

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 7th day of May, 2020.

<u>s/NICHOLAS I. GERSON</u>
NICHOLAS I. GERSON
Florida Bar No. 0020899
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Haynes v. Carnival

Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com