United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thomas Haynes, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21921-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order Denying Motion to Dismiss**

This maritime action arises from damages Plaintiff Thomas Haynes
sustained when he was injured while a passenger aboard the *Carnival Glory*, a
cruise ship owned and operated by Defendant Carnival Corporation
("Carnival"). (Am. Compl. ("complaint"), ECF No. 11 at ¶¶ 9-10.) The complaint
asserts two counts. Count I is for Negligent Maintenance and Count II is for
Negligent Failure to Warn. Carnival moved to dismiss, Haynes filed a response,
and Carnival filed a reply. (Def.'s Mot., ECF No. 14; Pl.'s Resp., ECF No. 15;
Def.'s Reply, ECF No. 19.) After careful consideration, the Court agrees with the
Plaintiff and **denies** the motion to dismiss (**ECF No. 14**.)

### 1. Background[1]

Haynes was injured aboard the *Carnival Glory* on or about May 9, 2019,
"when he slipped on water or a wet, foreign or transitory substance and
thereby fell" while "entering the interior of the ship by the guest services deck
from an exterior doorway leading to Deck 3 . . . ." (ECF No. 11 at ¶11.) The
complaint alleges that Carnival had actual or constructive notice of the
dangerous condition (*i.e.*, the water or slippery substance) because Carnival
"has had a recurring issue involving the appearance of wet, foreign or
transitory substances such as condensation appearing on the interior of
outside to inside doorways on this and other ships in its fleet." (*Id.* at ¶12.) The
complaint also alleges that Carnival knew of this "recurring issue" because it is
"discussed repeatedly" in its "internal documents such as its meeting minutes,
guest and crew accident summaries, safety focus group meeting minutes, and
elsewhere . . . ." (*Id.*) Indeed, Carnival has attempted to address this issue
through the installation of "Air Cushions" in doorway areas, but that system
has not been effective and water or a slippery substance continues to
accumulate in outdoor-indoor doorways. (*Id.*) Finally, the complaint also alleges

---

[1] The Court accepts Haynes's factual allegations as true for the purposes of evaluating Carnival's
motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th
Cir. 1997).

that the tile floor surface used in the outdoor-indoor doorways "has been documented as being below the minimum acceptable standards for passenger safety in the marine environment, which has led to" numerous accidents. (*Id.* at ¶13.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

"To prevail on a negligence claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quotations omitted). "With respect to the duty element in a maritime context, a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel." *Id.* (quotations omitted). To prevail on a negligence or failure-to-warn claim with respect to a dangerous condition, a plaintiff must show that the defendant "had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* (quotations and alterations omitted); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (requiring notice with respect to a duty-to-warn claim); *Horne v. Carnival Corp.*, 741 Fed. App'x 607, 609 (11th Cir. 2018) (requiring notice with respect to a failure-to-maintain claim).

Notice pleading does not require the pleader to allege a "specific fact" to cover every element or to plead "with precision" each element of a claim; instead, it requires a complaint to "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Here, the motion to dismiss makes generic arguments for the proposition that Carnival lacked notice of the dangerous condition. For example, in the motion, Carnival argues that the complaint's notice allegations are made "without any factual support or basis . . . ." (ECF No. 14 at 4.) But that is not so. The complaint specifically describes a phenomenon whereby the floor area surrounding outdoor-indoor doorways accumulates condensation (presumably a result of the meeting between air conditioned air and humid outdoor air) and that Carnival personnel has discussed this issue "repeatedly" in its "meeting minutes, guest and crew accident summaries, safety focus group meeting minutes, and elsewhere . . . ." (ECF No. 11 at ¶12.) Carnival might later be able to show that none of that is true, but the Court cannot credit Carnival's arguments that are made as if none of that is even alleged. The complaint sufficiently alleges notice. *See Caldwell v. Carnival Corp.*, 944 F.Supp.2d 1219, 1223 (S.D. Fla. 2013) (Cooke, J.) (holding that allegations that slippery condition of a walkway was an "ongoing, recurring, continuous and/or repetitive problem" were sufficient to allege Carnival's constructive notice of the condition).

Count I, for negligent maintenance, adequately states a claim upon which relief can be granted. Carnival does not dispute that it had a duty to take reasonable steps to maintain the floor surface. The complaint plainly alleges that the floor area around the outdoor-indoor doorways accumulates moisture and is covered in floor tiles that are unreasonably slippery. (ECF No. 11 at ¶13.) This is not a matter of a few raindrops, a randomly spilled drink, or water splashed from a nearby swimming pool. According to the complaint, this is a chronic issue on the *Carnival Glory* and other Carnival ships. Moreover, in support of Haynes's claim that Carnival negligently maintained the doorway area, the complaint specifically alleges that Carnival installed doorway air cushions that were ineffective and failed to adequately remedy the accumulation of dangerous moisture on the slippery doorway surface. Carnival does not dispute that the accumulation of moisture on slippery tiles caused Haynes to slip and suffer injuries. Rather, Carnival claims that the "Plaintiff has zero basis for asserting the subject floor is slippery just because it was allegedly wet, and the existence of an incident alone is insufficient." (ECF No. 14 at 5.) Carnival again mischaracterizes Haynes's allegations. Haynes specifically describes a slippery substance that accumulated atop slippery floor tiles and caused him—and "numerous passenger[s] and crew" members—to have accidents. (ECF No. 11 at ¶13.)

Count II, for negligent failure to warn, also adequately states a claim upon which relief can be granted. "A cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Caldwell v. Carnival Corp.*, 944 F. Supp. 2d 1219, 1222–23 (S.D. Fla. 2013) (Cooke, J.) (citations omitted). The duty to warn "encompasses only dangers of which the carrier knows, or reasonably should have known." *McLaren v. Celebrity Cruises, Inc.*, No. 11–23924, 2012 WL 1792632, at *8 (S.D. Fla. May 16, 2012) (Altonaga, J.) (citation omitted). Thus, to survive Carnival's motion to dismiss, Haynes must allege facts demonstrating that it was "plausible" that Carnival "[knew] or reasonably should have known" of the slippery nature of the doorway area. *Id.* The Court has already found that the complaint adequately alleges that Carnival knew that the outdoor-indoor doorway areas were prone to slippery moisture accumulation on slippery floor tiles. The Court now finds that Haynes has adequately stated a claim for negligent failure to warn as, according to the complaint, Carnival did not place "signage or markings," nor were warnings "orally delivered or written . . . ." (ECF No. 11 at ¶24.) Again, the motion to dismiss falls short. For example, Carnival claims that the complaint "fails to allege *any facts* regarding . . . the location of the wet, foreign or transitory substance." (ECF No. 19 at 4.) That is a misrepresentation of the contents of

the complaint. The complaint expressly states that Haynes's injury occurred when he "was entering the interior of the ship by the guest services deck from an exterior doorway leading to Deck 3 . . . ." (ECF No. 11 at ¶11.) The motion to dismiss constructs a straw man and fights it hard, but it does not acknowledge—much less grapple with—the contents of the complaint.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Carnival's motion to dismiss for failure to state a claim (**ECF No. 14**).

**Done and ordered**, in Miami, Florida on December 29, 2020.

Robert N. Scola, Jr.
United States District Judge